UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK O. DOSS, | CASE NO. C25-2422-KKE |
| Plaintiff(s), | ORDER DENYING MOTION TO SEAL AND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED |
| v. | |
| SAENGDUEAN LEK CHAILERT, | |
| Defendant(s). | |

Plaintiff Mark O. Doss, proceeding *pro se*, filed a motion requesting permission to file a document titled "Statement of Claim Confidential Injuries" under seal. Dkt. No. 3. Doss claims that the document "describes sensitive and serious personal medical information" that "could cause undue harm or ill-effects if provided freely to the general public." *Id.* at 3. Doss also requests that the document "be sealed from [the] opposing parties … due to its sensitivity" and "their capacity to use it against the Plaintiff[.]" *Id.*

Local Civil Rule 5(g) allows a party to move to seal specific documents and to contemporaneously file those documents under seal. *See* W.D. Wash. Local Civ. R. 5(g)(2)(B). However, the Court begins with a strong presumption in favor of access to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Court records may be sealed only when the public's right of access is outweighed by interests that favor nondisclosure. *See id.* at 1179. The party seeking to seal a filing thereof bears the burden of showing that there

ORDER DENYING MOTION TO SEAL AND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED
- 1

are compelling reasons to seal that outweigh the public's interest in transparency. *Schwartz v. Cook*, 2016 WL 1301186, at *1 (N.D. Cal. Apr. 4, 2016). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Typically, a motion to seal must be accompanied by a "certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal[.]" Local Civ. R. 5(g)(3)(A). Here, Doss failed to file a meet and confer certification; however, no other party has appeared in this case and Doss has apparently not yet served Defendants with the summons.

In any event, while the Court understands Doss's concerns and appreciates the risk of embarrassment or stigma that comes with filing a lawsuit in which one's injuries are at issue, mere "embarrassment" is not enough to overcome the public's interest in disclosure. *Kamakana*, 447 F.3d at 1179. Doss's alleged injuries are closely tied to the merits of his defamation claim, which typically involves proving, among other this, that a defamatory statement caused harm. *See Duc Tan v. Le*, 300 P.3d 356, 363 (2013) ("A defamation action consists of four elements: (1) a false statement, (2) publication, (3) fault, and (4) *damages*." (emphasis added)). As another court in this District aptly explained in the disability discrimination context, "when an individual brings a claim with respect to which her disabilities are central, the public has a substantial interest in knowing about those disabilities so it can meaningfully oversee the Court's exercise of its judicial power." *Langworthy v. Whatcom Cnty. Superior Ct.*, No. C20-1637-JCC, 2021 WL 1788391, at *5 (W.D. Wash. May 5, 2021). Here, Doss claims that the alleged defamation had "emotional, psychological, and social" impacts. Dkt. No. 1 at 15. The public has a substantial interest in

ORDER DENYING MOTION TO SEAL AND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED - 2

knowing the nature of these injuries because they are central to the claims Doss advances to invoke this Court's jurisdiction.[1]

Accordingly, the Court DENIES Doss's request to file his statement of injuries under seal. Dkt. No. 3. Local Civil Rule 5(g)(6) provides that the clerk will unseal a document if the Court denies a motion to seal unless "(1) the court orders otherwise, or (2) the party who is relying on the sealed document requests in the motion to seal or response that, if the motion to seal is denied, the court withdraw the document from the record rather than unseal it." The Court exercises its discretion not to unseal the document at this time and, instead, directs the clerk to STRIKE the sealed filing. Dkt. No. 2. Doss may re-file his unsealed statement of injuries if he so chooses.

Additionally, Doss filed this case over 45 days ago but has apparently not taken steps to effectuate service of a summons and the complaint on Defendants. Accordingly, Doss is ORDERED to either file a certificate of service showing that service has been effectuated on Defendants or else show cause why this case should not be dismissed for failure to prosecute by February 6, 2026. Failure to respond by this deadline will result in this case being dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated this 16th day of January, 2026.

Kymberly K. Evanson
United States District Judge

---

[1] Even if sealing were appropriate, documents filed under seal are still viewable by the opposing party. Doss's request that Defendants be barred from viewing his filing essentially requests in camera review—where a document is "viewed only by the court, not by other parties or the public[.]" *Fed. Trade Comm'n v. Consumer Def., LLC*, No. 218CV00030JCMPAL, 2018 WL 3997260, at *2 (D. Nev. Aug. 21, 2018). In camera review is typically only available when "the court resolves a dispute regarding an asserted privilege[,]" which is not at issue here. *Id.*

ORDER DENYING MOTION TO SEAL AND TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED - 3